UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE A. ABRAHAM,<br><br>Defendant. | Criminal Action No. 08-165 (CKK)<br><br>**FILED**<br><br>JUN 2 6 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(June 26, 2008)

The matter presently before the Court concerns the above-named Defendant's rights to a speedy trial. On June 6, 2008, Defendant was indicted on twelve counts of violating 18 U.S.C. § 1001 (Making a False Statement). Defendant was arraigned before this Court on June 26, 2008. At the arraignment (which was also a status hearing), the Court and the Parties discussed the issue of compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161. Counsel for the Defendant and the Government each agreed to a continuance of Defendant's Speedy Trial Act rights until July 18, 2008, in the interests of justice, because (1) the Government required additional time to produce complete and unredacted discovery to Defendant's counsel, and (2) Defendant's counsel required additional time to review the discovery and discuss the same with his client. For the reasons set forth below, the Court shall grant a continuance of Defendant Abraham's Speedy Trial Rights until July 18, 2008.

The Speedy Trial Act provides that "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from

1

the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, 546 U.S. 489, 126 S. Ct. 1976, 1985 (2006).

Because Defendant was arraigned on June 26, 2008, in order for the above-captioned case to proceed to trial within seventy (70) days, the trial would have to commence by September 4, 2008. *See* 18 U.S.C. § 3161(c)(1) (requiring trial to commence within 70 days). Based on an evaluation of the factors described in 18 U.S.C. §§ 3161(h)(8)(A), and (B)(iv), the Court finds that it is appropriate to grant a continuance of Defendant's Speedy Trial Rights until July 18, 2008, the date of the next status hearing, to serve the ends of justice.

The Government indicated that it had not yet produced complete and unredacted

discovery to Defendant, and that it would require additional time to collect and produce the relevant documents. Defendant's counsel indicated that he would require additional time to review this discovery, discuss it with his client, and evaluate the materials to decide what motions, if any, to bring in this case. Defendant indicated that he understood his Speedy Trial Act rights and that he consents to the continuance. Given the Parties' requests for additional time, and Defendant's consent to the continuance, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant or the attorney for the Government . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

The Court also finds that the requested continuance will also serve the ends of justice because "failure to grant such a continuance . . . would unreasonably deny the defendant or the Government . . . continuity of counsel." 18 U.S.C.§ 3161(h)(8)(B)(iv). It is apparent that each counsel requires additional time to produce or review the discovery in this case, and to decide how to proceed. Although Defendant possesses the right to a speedy trial, *see* 18 U.S.C. § 3161, the Supreme Court has also made clear that defendants have the right to counsel of their choosing. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006) (holding that the Sixth Amendment grants a criminal defendant the right to "be defended by the counsel he believes to be best"). Under such circumstances, the Court concludes that the ends of justice are served by allowing Defendant to continue with the counsel of his choice, and for the Government's attorney to have additional time to produce the discovery at issue. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule).

The Court also concludes that the ends of justice served by granting a continuance as to Defendant outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, neither the Government nor Defendant asserts that this brief continuance would create any prejudice to any party or the public. For the reasons set forth above, the Court concludes that granting a continuance as to Defendant's Speedy Trial Rights until July 18, 2008, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 26th day of June, 2008, hereby

**ORDERED** that the Court shall grant a continuance of Defendant Abraham's Speedy Trial Rights until July 18, 2008, resulting in a delay that shall be excluded from computing the time within which trial must start.

**SO ORDERED.**

Date: June 26, 2008

                                                        _/s/_
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge