**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Crim. No. 08-165 (CKK)** |
| | **:** | |
| **GEORGE A. ABRAHAM,** | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION <u>IN LIMINE</u> FOR ORDER**
**<u>PRECLUDING PRIOR "GOOD ACTS" EVIDENCE</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court <u>in limine</u> for an order precluding defendant from eliciting testimony and offering documents into evidence concerning prior "good acts" of defendant. In support of this pleading, the government respectfully submits:

<u>General Legal Principles</u>

The government moves to preclude defendant from offering evidence of defendant's lawfulness or prior "good acts" unrelated to the specific charges in this case. This includes evidence of non-falsified interviews and records checks in the same Report of Investigation ("ROI") as a charged falsification, as well as other ROI's. The defendant may, of course, offer reputation or opinion evidence through character witnesses in conformity with the limitations of Rule 405(a) of the Federal Rules of Evidence.[1]

---

[1]    Even evidence offered under Rule 405(a) cannot include specific instances of good conduct. It is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. <u>See</u> Advisory Committee Notes to Rule 405 (The rule "contemplates that testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness to character . . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, <u>i.e.</u>, be confined to the nature and extent of observation and acquaintance upon which the opinion is based.").

The law here is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions."  United States v. Scarpa, 897 F.2d 63, 70 (2d Cir.) (excluding taped proof that defendants met regularly and did not discuss criminal activity), cert. denied, 498 U.S. 816 (1990). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts.  See, e.g., United States v. Beno, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."), cert. denied, 379 U.S. 880 (1964); United States v. Grimm, 568 F.2d 1136, 1138 (5th Cir. 1978) (upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them); Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955) ("A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions."), cert. denied, 352 U.S. 844 (1956).

In United States v. O'Connor, 580 F.2d 38, 43 (2d Cir. 1978), the Second Circuit held that the district court did not err in cutting off testimony about reports in which various meat packers indicated that they had not bribed the defendant meat inspector:

> Much more importantly, the evidence should have been excluded in the first instance.  Even the meat packers themselves could not properly have testified, over objection, as to appellant's non-receipt of bribes in their plants, because such testimony would in effect be an attempt to demonstrate appellant's good character by proof of specific good acts.

Id.

To hold otherwise would eviscerate the carefully drafted limitations of Rule 405, which prohibits proof of good character through evidence of specific acts where character is not an element of the charge or defense.  See Beno, 324 F.2d at 584, 587; see also United States v. Benedetto, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (stating that "character evidence has long been

admissible only in the form of reputation and not in the form of a recitation of good or bad acts").

Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" that would

inevitably ensue if defendant were allowed to pursue this irrelevant line of inquiry. As the

Advisory Committee Notes for Rule 405 state, proof of character by means of specific acts

"possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume

time." See Grimm, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated

the case and confused the jury").

<u>The Indictment</u>

The Indictment charges defendant with twelve counts of Making a False Statement, in

violation of 18 U.S.C. § 1001.[2]  The charges stem from a scheme in which defendant, in

executing his duties as a contract investigator for the United States Office of Personnel

Management, Federal Investigative Services Division ("OPM-FISD"),[3] falsified material

information on numerous occasions in his reports of background investigations of individuals

who were employed by or seeking employment with federal agencies or government contractors.

For example, defendant stated that he had interviewed sources – and reported their testimony –

regarding the subjects of investigations, when, in fact, he had not interviewed those sources. The

discovery of one such falsification by defendant, through OPM-FISD's quality assurance

procedures, triggered a full recovery effort to determine the extent of his falsifications. This

---

[2]      The government is also filing a Motion to Strike Surplusage from the Indictment,
which, if granted, will leave ten counts remaining in the Indictment.

[3]      Defendant was employed by various companies, including Kroll Government
Services ("KGS" or "Kroll"),  ManTech International Corporation ("ManTech"), and Systems
Application & Technologies, Inc. ("SA-TECH"), as an investigator under contract to conduct
background investigations on behalf of OPM.

involved reopening and reworking numerous investigations that had been assigned to defendant, at a total cost to the government of $101,001.63, based on OPM-FISD personnel assigned to the Abraham recovery project tracking their hours spent working on this project.

### Defendant's Prior Good Acts

The government anticipates defendant presenting testimony or other evidence about his non-falsification of other interviews and records checks in his ROI's, especially those ROI's that contain the charged falsifications. Specifically, defendant may seek to argue that a) the names of sources whose interviews he allegedly falsified do not appear on the subjects' Questionnaires for National Security Positions (commonly known as an SF86's), b) thus, he must have obtained those names during other interviews, and c) this proves that he did complete some of the interviews in his ROI's. Other defendants have tried to present evidence of their failure to commit a crime on other occasions in order to establish that they did not commit the crime charged in the indictment, and courts have rejected such attempts. In United States v. Qaoud, 777 F.2d 1105, 1111 (6th Cir. 1985), cert. denied, 475 U.S. 1098 (1986), the Sixth Circuit upheld the trial court's exclusion of evidence that the defendant had not engaged in kickbacks on a prior occasion when solicited. The court rejected the claim that this was essential "general pattern" evidence crucial to the defense. Id. The court stated that it "involved a totally different incident, which demonstrates little or nothing about [the defendant's] intent on the charges made in this indictment." Id. Likewise, in United States v. Troutman, 814 F.2d 1428 (10th Cir. 1987), the defendant, who managed and invested funds for states, was charged with conspiracy to violate the Hobbs Act for requiring potential vendors to make campaign contributions in exchange for receiving state contracts. At trial, the defendant tried to introduce evidence that on other

occasions he had awarded contracts without a requirement of a campaign contribution and, in fact, went out of his way to return contributions solicited by people in his office and inform potential vendors that their standing would not be affected by their failure to donate. Id. at 1454. The trial court allowed testimony by one witness about one incident, and the Tenth Circuit held that even testimony of one incident was irrelevant and inadmissible. Id. The court reasoned that evidence of defendant's prior honest job performance did not bear on any pertinent character traits. Id. Moreover, such evidence was irrelevant to the issue in that case – the reasonableness of vendors' perceptions that award of the contract was conditioned on making donations. Id.

Similarly, in the present case, the issue is whether defendant actually conducted the interviews and records check that the Indictment charges him with falsifying. His allegedly honest statements about other interviews and records checks, even in the same ROI's as the charged falsifications, have no bearing on the charges in this case. Evidence that he actually conducted and truthfully reported other interviews and records checks – even if true – would provide no defense to making false statements about the interviews and records check charged in the Indictment and, thus, would constitute an irrelevant area of inquiry.[4]

The government anticipates that defendant may also try to present evidence of his prior "good acts" as a police officer, private investigator, and member of the business, security, and

---

[4] Defendant may also try to argue and present evidence that one of the contractors for whom he was working when he allegedly falsified his work on background investigations did not pay him for the work that he actually completed. Such argument or evidence introduces inadmissible prior "good acts" by referring to interviews and records checks actually conducted by defendant. Moreover, the issue of whether or not defendant was properly compensated for his work is completely irrelevant to whether or not he made false statements in his ROI's and reported conducting interviews that were never conducted. Any reference to any pay dispute with his employer should be precluded under Rule 401.

law enforcement communities. Any such evidence is completely irrelevant to the crimes with

which defendant has been charged and should be excluded under Fed. R. Evid. 401, 403,

404(a)(1),[5] and 405(a). See United States v. Washington, 106 F.3d 983, 999 (D.C. Cir. 1997)

(holding that a police officer's prior commendations were not admissible in his corruption trial

because evidence of his "'dedication, aggressiveness and assertiveness' in investigating drug

dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of

predisposition to engage in the corrupt criminal activity with which he was charged") (internal

citations omitted), cert. denied, 522 U.S. 984 (1997). Defendant may be able to testify to some

limited amount of information solely as background if he decides to testify at trial. See, e.g.,

United States v. Blackwell, 853 F.2d 86, 88 (2d Cir. 1988) (concluding that district court

committed error, though harmless error, in not allowing defendant to provide testimony about his

lack of prior convictions as background). But he should not be able to use "background"

testimony to offer evidence of good character by specific acts. To allow him to do so would

waste the Court and jury's time, confuse the issues under consideration in violation of Rule 403,

and run afoul of Rule 405(a)'s strictures.

---

[5]    Rule 404(a)(1) renders admissible "evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same (emphasis added)."

WHEREFORE, the government respectfully requests that the Court grant this Motion.  A proposed order is attached.

Respectfully submitted,
Jeffrey A. Taylor
United States Attorney


_____/s/_____
Ellen Chubin Epstein, DC Bar 442861
Thomas E. Zeno
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Fifth Floor
Washington, DC 20530
(202) 514-9832
Ellen.Chubin@usdoj.gov


Certificate of Service

I hereby certify that on July 31, 2008, a copy of this pleading was served by electronic mail upon Buddy Parker, Esq.


_____/s/_____
Ellen Chubin Epstein
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-165 (CKK)** |
| | : | |
| **GEORGE A. ABRAHAM,** | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

Upon consideration of the government's Motion <u>In Limine</u> for Order Precluding Prior

"Good Acts" Evidence, and for good cause shown, the Motion is hereby granted.


Signed this _____ day of _____, 2008.


_____
Colleen Kollar-Kotelly
United States District Judge