UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 08-165 (CKK) |
| : | |
| GEORGE A. ABRAHAM, : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF
DEFENDANT'S OTHER CRIMES AND BAD ACTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Motion to Introduce Evidence of Defendant's Other Crimes and Bad Acts. In support of this pleading, the government respectfully submits:

General Legal Principles

The government serves notice of the following evidence that it may seek to introduce which is arguably "extrinsic" to the charged offenses and thus subject to analysis under Fed.R.Evid. 404(b).[1]

The legal principles associated with Rule 404(b) are oft-stated and not subject to serious dispute.[2] One District Judge of this Courthouse provided the following concise summary:

---

[1] The government has provided discovery on the other crimes and bad acts addressed in this pleading. When the government estimated the length of the trial, it factored presentation of this evidence into the estimate.

[2] Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs, or bad acts of a defendant. In relevant part, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a

The D.C. Circuit has described Rule 404(b) as one of inclusion rather than exclusion, United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000), and has explained that it excludes only evidence that "is offered for the sole purpose of proving that a person's actions conformed to his or her character," United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 1993).[3]

To the extent that it is not already admissible due to being direct and substantive evidence of the charged offenses, evidence of other crimes, wrongs, or bad acts is admissible under Federal Rule of Evidence 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Pindell, 336 F.3d 1049, 1056 (D.C. Cir. 2003); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990); see also United States v. Brazel, 102 F.3d 1120, 1153-54 (11th Cir. 1997) (threat made by defendant to cooperating co-conspirator in holding cell was properly admissible under Rule 404(b) as evidence

---

criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b).

   [3]   These principles were ratified by this Circuit in United States v. Lawson, 410 F.3d 735, 741 (D.C. Cir.) (Roberts, J.), cert. denied, 546 U.S. 1055 (2005): "Federal Rule of Evidence 404(b), which governs the admission of evidence of other crimes or bad acts, 'is a rule of inclusion rather than exclusion.' [Bowie, 232 F.3d at 929.] The rule bars admission of such evidence when offered for the purpose of proving that a defendant acted in conformity with his character, but allows admission so long as the evidence is offered for any other relevant purpose. Id."

showing "consciousness of guilt"). The Court of Appeals for this Circuit has made clear, however, that Rule 404(b) merely defines the one *im*permissible purpose for bad act evidence; it does not define the set of permissible purposes for use of such evidence. Miller, 895 F.2d at 1436.[4] . . . .

The Court undertakes a two-part analysis to determine admissibility in the Rule 404(b) context. See Miller, 895 F.2d at 1435. First, the Court considers whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994); Fed. R. Evid. 401. Second, if the Court deems the evidence to be relevant, the Court should exclude the evidence only if probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; Long, 328 F.3d at 662. In close cases, the rule tilts toward the admission of the uncharged conduct evidence. See United States v. Johnson, 802 F.2d 1459, 1464 (D.C. Cir. 1986) ("the balance should be generally struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)). The D.C. Circuit has recognized that "Rule 404(b) evidence will often have . . . multiple utility, showing at once intent, knowledge, motive, preparation, and the like." United States v. Crowder, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (en banc). If evidence is ruled admissible, the trial court, when the defendant so requests, must give a limiting instruction. Fed. R. Evid. 105. A trial court's Rule 404(b)

---

[4] The precise language of Miller could hardly be more explicit: "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436 (emphasis in original).

admissibility determination is reviewed under an abuse of discretion standard. Pindell, 336 F.3d at 1056-57; [United States v. Linares, 367 F.3d, 941, 949 (D.C. Cir. 2004)]. United States v. Morrow, 2005 WL 3159572 (D.D.C. April 7, 2005) *3-4 [footnotes inserted].

As the above excerpt explains, evidence of acts which are part of, or "inextricably intertwined" with, a charged crime is direct proof of that crime and is not subject to Rule 404(b) analysis. United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996), cert. denied, 520 U.S. 1150, and cert. denied, 520 U.S. 1213 (1997). Although the Court of Appeals has occasionally criticized the bifurcation of evidence into that which is "inextricably intertwined" or "intrinsic" and that which is "extrinsic" (and thus subject to 404(b) analysis), see Bowie, 232 F.3d at 927, this bifurcation remains the law in this Circuit. See United States v. Alexander, 331 F.3d 116 (D.C. Cir. 2003) (commenting on Bowie: "Although we have recently expressed our dissatisfaction with the extrinsic-intrinsic distinction, see Bowie, 232 F.3d at 927-29, we have nonetheless recognized that 'at least in a narrow range of circumstances . . . evidence can be "intrinsic to" the charged crime.'").

## The Indictment

The Indictment charges defendant with twelve counts of Making a False Statement, in violation of 18 U.S.C. § 1001.[5] The charges stem from a scheme in which defendant, in executing his duties as a contract investigator for the United States Office of Personnel Management, Federal Investigative Services Division ("OPM-FISD"),[6] falsified material

---

[5] The government is also filing a Motion to Strike Surplusage from the Indictment, which, if granted, will leave ten counts remaining in the Indictment.

[6] Defendant was employed by various companies, including Kroll Government Services ("KGS" or "Kroll"), ManTech International Corporation ("ManTech"), and Systems

information on numerous occasions in his reports of background investigations of individuals who were employed by or seeking employment with federal agencies or government contractors. For example, defendant stated that he had interviewed sources – and reported their testimony – regarding the subjects of investigations, when, in fact, he had not interviewed those sources. The discovery of one such falsification by defendant, through OPM-FISD's quality assurance procedures, triggered a full recovery effort to determine the extent of his falsifications. This involved reopening and reworking numerous investigations that had been assigned to defendant, at a total cost to the government of $101,001.63, based on OPM-FISD personnel assigned to the Abraham recovery project tracking their hours spent working on this project.

### The Defendant's Other Crimes and Bad Acts

The government wishes to introduce evidence showing that, in addition to the false statements defendant made in his reports of background investigations, defendant also made false statements in his own application for renewal of his security clearance. Specifically, in his answers on his Questionnaire for Public Trust Positions (SF85P), which he certified as true, complete, and correct on December 5, 2007,[7] defendant made the following knowing and willful false statements in Sections 11 and 12.

---

Application & Technologies, Inc. ("SA-TECH"), as an investigator under contract to conduct background investigations on behalf of OPM.

[7] As part of his Electronic Questionnaire for Investigations Processing ("e-QIP"), defendant certified as follows:

> My statements on this form, and any attachments to it, are true, complete, and correct to the best of my knowledge and belief and are made in good faith. I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both. (See section 1001 of title 18, United States Code).

Section 11, "Your Employment Activities," asked defendant to provide:

[A] detailed entry for each of your employment activities for the last 7 years. You should list all full-time work, part-time work, military service, temporary military duty locations over 90 days, self-employment, other paid work, and all periods of unemployment. The entire 7-year period must be accounted for without breaks, but you need not list employments before your 16th birthday.

In response, defendant listed his private investigation business, consulting work for ManTech, and employment as a police officer in Georgia and Philadelphia. However, he did not list his work for Kroll and SA-TECH as a background investigator.

In Section 12, "Your Employment Record," defendant was asked to respond "yes" or "no" to the following question:

Has any of the following happened to you in the last 7 years?

1. Fired from a job.
2. Quit a job after being told you'd be fired.
3. Left a job by mutual agreement following allegations of misconduct.
4. Left a job by mutual agreement following allegations of unsatisfactory performance.
5. Left a job for other reasons under unfavorable circumstances.

Defendant responded "no," although defendant well knew that he had been removed from OPM's contracts with Kroll, SA-TECH, and ManTech in 2006, due to his falsification of case work, and thereafter terminated by Kroll and SA-TECH.[8]

---

[8] Both Kroll and SA-TECH terminated defendant following his removal by OPM from OPM's contracts with those companies. See Letter from Gary L. Combs, Program Manager, KGS, to George Abraham dated July 19, 2006 (attached hereto as Exhibit 1) and the following documents from SA-TECH:

Exhibit 2: July 6, 2006 email notifying SA-TECH of defendant's suspension;

Exhibit 3: Defendant's handwritten note acknowledging his removal from the OPM contract;

The evidence regarding defendant's false statements on his SF85P is clearly admissible under Rule 404(b) to prove defendant's knowledge and intent. Section 11 of the SF85P asked defendant to list all of his employment for the past seven years. He failed to list Kroll and SA-TECH, from which he was terminated based on his falsifications. Section 12 asked defendant if he had ever left a job under unfavorable circumstances. He answered "no." These glaring omissions and misstatements are further evidence of defendant's knowledge that some of his statements in reports of background investigations were false. Defendant's false statements on his SF85P regarding his past employment demonstrate consciousness of guilt, reflect a deliberate attempt to conceal his wrongdoing from those conducting his background investigation, and make it more likely that the false statements he made on reports of investigations were knowing, rather than accidental. Compare United States v. Johnson, 46 F.3d 1166, 1171 (D.C. Cir. 1995) (evidence of defendant's misrepresentation about his employment admissible under Fed. R. Evid. 404(b) to demonstrate knowledge or intent to conceal actual source of his income, drug dealing). The government must prove that defendant knew that his statements in reports of background investigations were false, and the proffered evidence is highly probative of that relevant fact, and is, therefore, admissible.

<u>608(b)</u>

Defendant's false statements in his SF85P are also probative of his lack of truthfulness. Assuming arguendo that this Court denies the government's request to admit evidence of these false statements under Rule 404(b), the government is providing notice that, if defendant

---

Exhibit 4: July 13, 2006 email to all SA-TECH staff to stop all processing/contact with defendant.

testifies, the government wishes to cross-examine defendant about them.[9]

>Rule 608(b) provides that:
>
>Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning the witness' character for truthfulness or untruthfulness....

Rule 608 (b) "allows a witness's credibility to be attacked based on misconduct that, while not constituting a criminal conviction, nevertheless tends to show that the witness is untruthful." United States v. Whitmore, 359 F.3d 609, 620 (D.C. Cir. 2004). Acts "probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp., 37 F.3d 1460, 1464 (11th Cir. 1994). See also United States v. Manske, 186 F.3d 770, 775 (7th Cir. 1999) (noting that Rule 608(b) permits cross-examination into acts involving fraud, deceit, perjury, false statements, embezzlement, false pretenses, and theft). A court may limit Rule 608(b) cross-examination based on Rule 403. Whitmore, 359 F.3d at 619. However, Rule 403 "tilts ... toward the admission of evidence in close cases; when performing the balancing test required under Rule 403, the balance should be struck in favor of admission." Id. (citations omitted).

>The government wishes to cross-examine defendant about the false statements in his SF85P discussed supra. This is an appropriate area of cross-examination under Rule 608(b).

---

[9] Rule 608(b) does not contain a requirement that a party provide notice of areas of cross-examination. Nevertheless, the government is providing notice in order to reduce delays during trial. The government further notifies defendant that there are other areas of likely inquiry on cross-examination which we are not detailing herein because we are not seeking to admit them under Rule 404(b).

WHEREFORE, the government respectfully requests that the Court grant this Motion. A proposed order is attached.

        Respectfully submitted,

        Jeffrey A. Taylor
        United States Attorney


        _____/s/_____
        Ellen Chubin Epstein, DC Bar 442861
        Thomas E. Zeno
        Assistant United States Attorneys
        Fraud & Public Corruption Section
        555 Fourth Street, N.W.
        Fifth Floor
        Washington, DC 20530
        (202) 514-9832
        Ellen.Chubin@usdoj.gov


<u>Certificate of Service</u>

I hereby certify that on July 31, 2008, a copy of this pleading was served by electronic mail upon Buddy Parker, Esq.

        _____/s/_____
        Ellen Chubin Epstein
        Assistant United States Attorney



July 19, 2006

George Abraham
455 Grayson Hwy, Suite 111-119
Lawrenceville, GA 30045

RE: Payment of fees

Mr. Abraham,

It is with great disappointment that this notice and letter had to be written.

It has to come to my attention that you are looking for payment on case fees from your TDY in Ohio during the months of November to February. You will not be receiving payment for those cases as they were not completed properly or in their entirety. Also, you were suspended by OPM from working on the contract on 7/6/06, when case falsification was found on one of the cases you submitted during that time frame.

Falsification of cases is very serious and extremely costly for the government and its contractors. OPM has issued a "cease and desist" order on all your case work which means that we will need to pay them to investigate and rework all the cases you submitted.

It has always been KGS' policy to back the investigator when possible and provide proof of the investigation having been done correctly, and we usually do this by contacting sources and reviewing the notes on the case.

You were told in training that all case materials, including notes, were to be back at the PMO in Loveland, CO, within 14 days of case transmission. We have no notes from you on any of your cases that you have completed, except one set. This violates OPM regulation, KGS BPA, and FOI/PA.

You have been asked repeatedly by members of my staff to send in your notes. You have stated that you had but have offered no proof of that fact. Our shipping and receiving department has done research and has found that they have received only one package from you over the past several months. This is unacceptable. KGS pays for completed cases. Part of a case being completed is that case notes are sent back to the PMO here in Loveland for security reasons and to comply with OPM and FOI/PA regulations.

Unfortunately, as OPM has removed your access to work on this contract, KGS will move to terminate your contract.

Sincerely,

Gary L. Combs
Program Manager, KGS

Kroll Government Services  1750 Foxtrail Drive Loveland CO 80538 Ph: 866-667-3635

> I am returning your computer. I am no longer doing OPM cases.
>
> George A. Abraham

## Hamilton, Ruperte

| | |
|---|---|
| **From:** | McGann, Ryan |
| **Sent:** | Thursday, July 13, 2006 12:46 PM |
| **To:** | OPM-SIPC |
| **Subject:** | STOP ALL PROCESSING/ CONTACT WITH INVESTIGATOR GEORGE ABRAHAM |
| **Importance:** | High |

ATTN ALL SA-TECH STAFF:

Please do not process any work/ payment or initiate any contact with investigator George Abraham until further notice. Further, do not relay to Mr. Abraham that any such instruction has been provided to you. If Mr. Abraham happens to contact you, please address any concerns he has, but discuss nothing further.

Your cooperation is appreciated.



**Ryan McGann**
Case Review Manager
888-731-3983 x 1050
rmcgann@sa-techinc.com
**...A Better Way**

7/13/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 08-165 (CKK) |
| | : | |
| **GEORGE A. ABRAHAM,** | : | |
| Defendant. | : | |

## ORDER

Upon consideration of the government's Motion to Introduce Evidence of Defendant's Other Crimes and Bad Acts, and for good cause shown, the Motion is hereby granted.

Signed this _____ day of _____, 2008.

_____
Colleen Kollar-Kotelly
United States District Judge