**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-165 (CKK)** |
| | : | |
| **GEORGE A. ABRAHAM,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to strike Counts 8 and 10 from the Indictment in their entirety, as well as paragraph 14.c. of Count 5 and paragraph 26.b. of Count 11, as surplusage.[1] The government intends to narrow its proof at trial and no longer intends to prove up before the jury the allegations in the aforementioned counts and paragraphs.

The Indictment charges defendant with twelve counts of Making a False Statement, in violation of 18 U.S.C. § 1001. The charges stem from a scheme in which defendant, in executing his duties as a contract investigator for the United States Office of Personnel Management, Federal Investigative Services Division ("OPM-FISD"),[2] falsified material information on numerous occasions in his reports of background investigations of individuals who were employed by or seeking employment with federal agencies or government contractors.

The government moves the Court to strike the aforementioned counts and paragraphs,

---

[1]    These deletions are illustrated in Attachment A hereto in gray shading. Attachment B hereto is a redacted version of the Indictment that omits the above-cited counts and paragraphs and could be used if the Court intends to submit the Indictment to the jury following the presentation of evidence.

[2]    Defendant was employed by various companies, including Kroll Government Services ("KGS" or "Kroll"),  ManTech International Corporation ("ManTech"), and Systems Application & Technologies, Inc. ("SA-TECH"), as an investigator under contract to conduct background investigations on behalf of OPM.

which charge defendant with falsifying specific interviews and contacts with sources for their

records (known as "records checks"). Based on our most recent contact with the relevant

witnesses, we have reevaluated the strength of the allegations in these particular counts and

paragraphs and now wish to strike them.

Another District Judge of this Courthouse has held, citing Supreme Court precedent, that

courts may delete specific factual allegations that the government does not intend to prove, as

well as theories of prosecution, from an indictment so long as doing so narrows, as opposed to

expands, the charges a defendant faces. In such circumstances, striking specific allegations or

theories from the charging instrument causes the defendant to suffer no prejudice. In United

States v. Poindexter, 719 F. Supp. 6 (D.D.C. 1989), the government moved to strike language

from the first count of a two-count indictment (but not dismiss the entire count), which had the

effect of narrowing its proof under that count. The defendant objected and argued that he was

entitled to be tried under the broader indictment returned by the grand jury "and none other." Id.

at 8. The court rejected this argument and reasoned:

> That argument, however, conflicts head-on with the decision of the Supreme Court in
> United States v. Miller, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). In that
> case, a unanimous Court upheld the validity of a conviction upon proof that was narrower
> than the allegations in the indictment. In the view of the Supreme Court, this change in
> the proof did not deprive the defendant of his right to be tried on an indictment returned
> by a grand jury.
>
> On the same principle, the reduction of the language of an indictment does not deny to a
> defendant his grand jury rights, provided that (1) the indictment as so narrowed continues
> to state a complete criminal offense, and (2) the offense is contained in the indictment as
> originally returned.

Id. at 8-9 (citing Salinger v. United States, 272 U.S. 542, 548-49 (1926); United States v. Zauber,

857 F.2d 137, 151 (3rd Cir.1988); United States v. Diaz, 690 F.2d 1352, 1356 (11th Cir.1982);

2

United States v. Milestone, 626 F.2d 264, 268 (3rd Cir.1980); United States v. Lyman, 592 F.2d 496, 500 (9th Cir.1978); Thomas v. United States, 398 F.2d 531 (5th Cir. 1967)).  Similarly, the "reduction of the language" of the Indictment proposed here does not deny defendant his grand jury rights.  Nor by deleting the surplusage would the Court limit the Indictment in such a way that the Indictment no longer charges an offense.  After the surplusage is struck, the Indictment contains specific allegations in support of each of the elements of making a false statement.  Thus, the "indictment as so narrowed continues to state a complete criminal offense and the offense is contained in the indictment as originally returned."  Poindexter, 719 F. Supp. at 8.  Again, defendant suffers no prejudice from the deletion of the surplusage.

WHEREFORE, the government respectfully requests that the Court grant this Motion.  A proposed order is attached.

Respectfully submitted,
Jeffrey A. Taylor
United States Attorney


_____/s/_____
Ellen Chubin Epstein, DC Bar 442861
Thomas E. Zeno
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Fifth Floor
Washington, DC 20530
(202) 514-9832
Ellen.Chubin@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on July 31, 2008, a copy of this pleading was served by electronic mail upon Buddy Parker, Esq.


_____/s/_____

Ellen Chubin Epstein
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn in on May 2, 2008**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **Grand Jury Original** |
| **v.** | : | |
| | : | **Violations:** |
| **GEORGE ABRAHAM,** | : | **18 U.S.C. § 1001** |
| **Defendant.** | : | **(Making a False Statement)** |
| | : | |

**INDICTMENT**

The Grand Jury charges that:

**Introduction**

At all times relevant to this Indictment:

1.      Defendant **GEORGE ABRAHAM** was employed by various companies,

including Kroll Government Services ("KGS" or "Kroll"), ManTech International Corporation

("ManTech"), and Systems Application & Technologies, Inc. ("SA-TECH"), as an investigator

under contract to conduct background investigations on behalf of the United States Office of

Personnel Management ("OPM"), an agency within the executive branch of the federal

government located in Washington, D.C.

2.      OPM's Federal Investigative Services Division ("FISD"), formerly known as the

Center for Federal Investigative Services, was responsible for conducting background

investigations for numerous federal agencies and their contractors.  OPM-FISD had an

investigator workforce comprised of federal agents employed by OPM-FISD and investigators

employed by various companies, such as Kroll, ManTech, and SA-TECH, under contract with OPM-FISD to conduct background investigations. OPM-FISD conducted background investigations of individuals who were either employed by or seeking employment with federal agencies or government contractors. The purpose of the background investigations was to determine individuals' suitability for positions having access to classified information, for positions impacting national security, and for receiving or retaining security clearances.

3.      In conducting these background investigations, contract investigators would conduct interviews of individuals who had information about the person who was the subject of the background investigation. In addition, contract investigators would seek out, obtain, and review documentary evidence, such as employment records, to verify and corroborate information provided by either the subject of the background investigation or by persons interviewed during the investigation. After conducting interviews and obtaining documentary evidence, contract investigators would prepare a Report of Investigation ("ROI"), containing the results of the interviews and records reviews, and would electronically submit the ROI to OPM in Washington, D.C. OPM would then provide a copy of the investigative file to the requesting agency and maintain a copy in its records system.

4.      The ROI containing the results of the interviews and records reviews conducted during a background investigation was utilized and relied upon by the agency requesting the background investigation to determine whether the subject of the investigation was suitable for a position having access to classified information, for a position impacting national security, or for receiving or retaining security clearance.

## COUNT 1
## Making a False Statement

5.    The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

6.    On or about May 7, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of A.P., defendant **ABRAHAM** stated that he had interviewed J.T. about A.P., when, in truth and in fact, defendant **ABRAHAM** had not interviewed J.T. about A.P.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 2
## Making a False Statement

7.    The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

8.    On or about June 11, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of M.R., defendant **ABRAHAM** stated that he had interviewed C.B. about M.R., when, in truth and in fact, defendant **ABRAHAM** had not interviewed C.B. about M.R.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

3

## COUNT 3
## Making a False Statement

9.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

10.     On or about June 21, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of K.S., defendant **ABRAHAM** stated that he had interviewed R.H. about K.S., when, in truth and in fact, defendant **ABRAHAM** had not interviewed R.H. about K.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 4
## Making a False Statement

11.     The allegations contained in paragraphs one through four of this indictment are incorporated herein by reference as if stated in full.

12.     On or about July 25, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of M.I., defendant **ABRAHAM** stated that he had reviewed records provided by G.T., when, in truth and in fact, defendant **ABRAHAM** had not received any records from G.T.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

4

## COUNT 5
### Making a False Statement

13.    The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

14.    On or about November 13, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of J.T., defendant **ABRAHAM** stated the following:

a.    that he had interviewed J.S. about J.T., when, in truth and in fact, defendant **ABRAHAM** had not interviewed J.S. about J.T.;

b.    that he had interviewed A.L. about J.T., when, in truth and in fact, defendant **ABRAHAM** had not interviewed A.L. about J.T.

c.    that he had reviewed records provided by E.M., when in truth and in fact, defendant **ABRAHAM** had not received any records from E.M.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 6
### Making a False Statement

15.    The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

16.    On or about December 4, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious,

and fraudulent statement and representation, in that in a ROI of a background investigation of S.F., defendant **ABRAHAM** stated that he had interviewed E.J. about S.F., when, in truth and in fact, defendant **ABRAHAM** had not interviewed E.J. about S.F.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

<u>**COUNT 7**</u>
<u>**Making a False Statement**</u>

17.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

18.     On or about February 8, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of B.B., defendant **ABRAHAM** stated that he had interviewed S.W. about B.B., when, in truth and in fact, defendant **ABRAHAM** had not interviewed S.W. about B.B.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

<u>**COUNT 8**</u>
<u>**Making a False Statement**</u>

19.     The allegations contained in paragraphs one through four of this indictment are incorporated herein by reference as if stated in full.

20.     On or about February 16, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of

6

R.T., defendant **ABRAHAM** stated that the Merrillville Police Department had no records pertaining to R.T., when, in truth and in fact, the Merrillville Police Department possessed records pertaining to R.T.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 9
## Making a False Statement

21.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

22.     On or about February 23, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of K.A., defendant **ABRAHAM** stated that he had interviewed W.J. about K.A., when, in truth and in fact, defendant **ABRAHAM** had not interviewed W.J. about K.A.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 10
## Making a False Statement

23.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

24.     On or about February 23, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of

M.P., defendant **ABRAHAM** stated that he had interviewed B.M. about M.P., when, in truth and in fact, defendant **ABRAHAM** had not interviewed B.M. (a.k.a. M.M.) about M.P.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 11
**Making a False Statement**

25.     The allegations contained in paragraphs one through four of this indictment are incorporated herein by reference as if stated in full.

26.     On or about March 5, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of T.M., defendant **ABRAHAM** stated the following:

        a.      that he had interviewed F.B. about T.M., when, in truth and in fact, defendant **ABRAHAM** had not interviewed F.B. about T.M.;

        b.      that he had interviewed J.B. about T.M., when, in truth and in fact, defendant **ABRAHAM** had not interviewed J.B. about T.M.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 12
**Making a False Statement**

27.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

28.     On or about March 16, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of R.M., defendant

**ABRAHAM** stated that he had interviewed S.B. about R.M., when, in truth and in fact,

defendant **ABRAHAM** had not interviewed S.B. about R.M.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**


A TRUE BILL


FOREPERSON


ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

9

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on May 2, 2008

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **Grand Jury Original** |
| **v.** | : | |
| | : | **Violations:** |
| **GEORGE ABRAHAM,** | : | **18 U.S.C. § 1001** |
| **Defendant.** | : | **(Making a False Statement)** |
| | : | |

### INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1.     Defendant **GEORGE ABRAHAM** was employed by various companies,

including Kroll Government Services ("KGS" or "Kroll"), ManTech International Corporation

("ManTech"), and Systems Application & Technologies, Inc. ("SA-TECH"), as an investigator

under contract to conduct background investigations on behalf of the United States Office of

Personnel Management ("OPM"), an agency within the executive branch of the federal

government located in Washington, D.C.

2.     OPM's Federal Investigative Services Division ("FISD"), formerly known as the

Center for Federal Investigative Services, was responsible for conducting background

investigations for numerous federal agencies and their contractors.  OPM-FISD had an

investigator workforce comprised of federal agents employed by OPM-FISD and investigators

employed by various companies, such as Kroll, ManTech, and SA-TECH, under contract with OPM-FISD to conduct background investigations.  OPM-FISD conducted background investigations of individuals who were either employed by or seeking employment with federal agencies or government contractors.  The purpose of the background investigations was to determine individuals' suitability for positions having access to classified information, for positions impacting national security, and for receiving or retaining security clearances.

3.      In conducting these background investigations, contract investigators would conduct interviews of individuals who had information about the person who was the subject of the background investigation.  In addition, contract investigators would seek out, obtain, and review documentary evidence, such as employment records, to verify and corroborate information provided by either the subject of the background investigation or by persons interviewed during the investigation.  After conducting interviews and obtaining documentary evidence, contract investigators would prepare a Report of Investigation ("ROI"), containing the results of the interviews and records reviews, and would electronically submit the ROI to OPM in Washington, D.C.  OPM would then provide a copy of the investigative file to the requesting agency and maintain a copy in its records system.

4.      The ROI containing the results of the interviews and records reviews conducted during a background investigation was utilized and relied upon by the agency requesting the background investigation to determine whether the subject of the investigation was suitable for a position having access to classified information, for a position impacting national security, or for receiving or retaining security clearance.

2

## COUNT 1
## Making a False Statement

5.      The allegations contained in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

6.      On or about May 7, 2005, in the District of Columbia and elsewhere, defendant

**ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of A.P., defendant

**ABRAHAM** stated that he had interviewed J.T. about A.P., when, in truth and in fact, defendant

**ABRAHAM** had not interviewed J.T. about A.P.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 2
## Making a False Statement

7.      The allegations contained in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

8.      On or about June 11, 2005, in the District of Columbia and elsewhere, defendant

**ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of M.R., defendant

**ABRAHAM** stated that he had interviewed C.B. about M.R., when, in truth and in fact,

defendant **ABRAHAM** had not interviewed C.B. about M.R.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

3

## COUNT 3
## Making a False Statement

9.      The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

10.     On or about June 21, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of K.S., defendant **ABRAHAM** stated that he had interviewed R.H. about K.S., when, in truth and in fact, defendant **ABRAHAM** had not interviewed R.H. about K.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 4
## Making a False Statement

11.     The allegations contained in paragraphs one through four of this indictment are incorporated herein by reference as if stated in full.

12.     On or about July 25, 2005, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of M.I., defendant **ABRAHAM** stated that he had reviewed records provided by G.T., when, in truth and in fact, defendant **ABRAHAM** had not received any records from G.T.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 5
### Making a False Statement

13.    The allegations contained in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

14.    On or about November 13, 2005, in the District of Columbia and elsewhere,

defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the

government of the United States, did knowingly and willfully make a materially false, fictitious,

and fraudulent statement and representation, in that in a ROI of a background investigation of

J.T., defendant **ABRAHAM** stated the following:

a.    that he had interviewed J.S. about J.T., when, in truth and in fact,

defendant **ABRAHAM** had not interviewed J.S. about J.T.;

b.    that he had interviewed A.L. about J.T., when, in truth and in fact,

defendant **ABRAHAM** had not interviewed A.L. about J.T.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 6
### Making a False Statement

15.    The allegations contained in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

16.    On or about December 4, 2005, in the District of Columbia and elsewhere,

defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the

government of the United States, did knowingly and willfully make a materially false, fictitious,

and fraudulent statement and representation, in that in a ROI of a background investigation of

S.F., defendant **ABRAHAM** stated that he had interviewed E.J. about S.F., when, in truth and in

5

fact, defendant **ABRAHAM** had not interviewed E.J. about S.F.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

### COUNT 7
### Making a False Statement

17.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

18.     On or about February 8, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of B.B., defendant **ABRAHAM** stated that he had interviewed S.W. about B.B., when, in truth and in fact, defendant **ABRAHAM** had not interviewed S.W. about B.B.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

### COUNT 9
### Making a False Statement

19.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

20.     On or about February 23, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of

K.A., defendant **ABRAHAM** stated that he had interviewed W.J. about K.A., when, in truth and in fact, defendant **ABRAHAM** had not interviewed W.J. about K.A.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

<u>**COUNT 11**</u>
<u>**Making a False Statement**</u>

21.     The allegations contained in paragraphs one through four of this indictment are incorporated herein by reference as if stated in full.

22.     On or about March 5, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of T.M., defendant **ABRAHAM** stated the following:

        a.     that he had interviewed F.B. about T.M., when, in truth and in fact, defendant **ABRAHAM** had not interviewed F.B. about T.M..

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

<u>**COUNT 12**</u>
<u>**Making a False Statement**</u>

23.     The allegations contained in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

24.     On or about March 16, 2006, in the District of Columbia and elsewhere, defendant **ABRAHAM**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of R.M., defendant

**ABRAHAM** stated that he had interviewed S.B. about R.M., when, in truth and in fact,

defendant **ABRAHAM** had not interviewed S.B. about R.M.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**


A TRUE BILL


FOREPERSON


ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Crim. No. 08-165 (CKK)** |
| | **:** | |
| **GEORGE A. ABRAHAM,** | **:** | |
| **Defendant.** | **:** | |

## <u>ORDER</u>

Upon consideration of the government's Motion to Strike Surplusage from the

Indictment, and for good cause shown, the Motion is hereby granted.

It is hereby ordered that the surplusage referenced below shall be struck from the

Indictment:

Count 5, paragraph 14.c.;

Counts 8 in its entirety;

Count 10 in its entirety; and

Count 11, paragraph 26.b.

Signed this _____ day of _____, 2008.

_____
Colleen Kollar-Kotelly
United States District Judge