UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 08-165 (CKK) |
| : | |
| GEORGE A. ABRAHAM, : | |
| Defendant. : | |

## DEFENDANT ABRAHAM'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* FOR ORDER PRECLUDING PRIOR "GOOD ACTS" EVIDENCE

Defendant George Abraham, by and through undersigned counsel, opposes in part the "Government's Motion *In Limine* For Order Precluding Prior 'Good Acts' Evidence" [Doc. 11]. In support, the Defendant submits the following:

Not only does the Government seek "to preclude [the] [D]efendant from offering evidence of [D]efendant's lawfulness or prior 'good acts' unrelated to the specific charges in this case", the Government also seeks to preclude the Defendant from using "evidence of non-falsified interviews and record checks *in the same Report of Investigation ("ROI") as a charged falsification...*" (emphasis added). Doc. 11, p. 1. "The [G]overnment anticipates [D]efendant presenting testimony or other evidence about his non-falsification of other interviews and record checks in his ROI's, *especially those ROI's that contain the charged falsifications.*" (emphasis added). Doc. 11, p. 4. Defendant Abraham strenuously objects to the

Government's effort to limit or curtail his ability to defend himself in contravention of his Sixth Amendment right of confrontation and his Fifth Amendment right to testify in his own defense, should he so choose.

The Government correctly acknowledges the relevance of Defendant's request for production of all Questionnaires for National Security Positions (SF 86's) as stated in his "Motion For Discovery," Doc. 10; "[S]pecifically, defendant may seek to argue that a) the names of sources whose interviews he allegedly falsified do not appear on the subjects [SF 86's], b) thus, he must have obtained those names during other interviews, and c) this proves that he did complete some of the interviews in his ROI." Doc. 11, p. 4. But the relevance of the SF 86's *and the admitted non-falsified portion of those ROI's that contain the alleged charged falsifications*, is evidence that potentially proves much more. Namely, that Defendant Abraham in fact *did interview* the Government's witnesses, *did obtain* information from them about the subject(s) and *did accurately reflect* that information in the ROI's. In short, the evidence may just be that the Government's witnesses' memory is inaccurate and/or faulty. The evidence just may be that the Government's witnesses were interviewed and/or provided records and the information was accurately reflected in the ROI's which now the Government claims contain some allegedly *false* information.

As a matter of asserting his Sixth Amendment right of confrontation, the Defendant must be able to use the entire relevant ROI to confront his accusers. Just because a Government witness in direct testimony claims not to have talked with Defendant Abraham, does not mean that the issue is proven. Such testimony must be allowed to be tested within the crucible of cross-examination by confronting the witness with the details within the relevant ROI. At the end of the day, it will be up to a jury whether the Government has proven *beyond a reasonable doubt* the crimes as charged.

It appears to defense counsel that as to each allegation in the Indictment the Government's case rises or falls on the credibility of a single person; i.e. it is a swearing match between a government witness and the Defendant whether the Defendant did or did not interview a person or did or did not engage in a record check. The fact that admitted non-falsified information is contained within a relevant ROI, particularly as relating to the Government witness, undermines the credibility of any Government witness who may deny whether he/she talked with the Defendant. It certainly is evidence undermining the Government's burden of proof.

The Government stated:

> "Similarly, in the present case, the issue is whether defendant actually conducted the interviews and records check that the Indictment charges him with falsifying. His allegedly honest statements about other interviews

3

> and records checks, even in the same ROI's as the charged falsifications, have no bearing on the charges in this case. Evidence that he actually conducted and truthfully reported other interviews and records checks – even if true – would provide no defense to making false statements about the interviews and records check charged in the Indictment and, thus, would constitute an irrelevant area of inquiry."

Doc. 11, p. 5.

The issue as presented by the Government is not so narrow. In a much larger context the legal issue is whether *as a material matter* "[t]he defendant actually conducted the interviews and records check that the Indictment charges him with falsifying." (emphasis added).

Within any matter of the Government, Title 18, United States Code, Section 1001 in general proscribes *knowingly and willfully* 1) falsifying a *material* fact, 2) making any *material* false statement or 3) making or using any false writing or document knowing the same contains any *materially* false statement. (emphasis added). Thus, not only must the Government prove the relevant ROI as to each count contains a 1) *false* statement, it must also prove that such alleged false statement was *material* and that Defendant Abraham *knowingly and willfully*, that is, with specific intent to violate the law and not by accident or mistake, submitted to OPM the relevant ROI containing the alleged false, material statement.

The Defendant has a Constitutional right under the Sixth Amendment to defend against each and every element of the charged offenses, particularly by and

4

through a thorough cross-examination using in part the entire relevant ROI, including those portions the Government acknowledges are accurate. The *actus reus* of the offense must be found to be committed at the point in time when the *entire* ROI was submitted to OMP, not the point in time when an interview or records check was or was not conducted; i.e. there was no "statement" made to OPM until the *entire* ROI was electronically transmitted. Furthermore, under Rule 106, Fed.R.Evid., the doctrine of completeness requires the introduction into evidence of the *entire* relevant ROI, not just a miniscule alleged false portion thereof. If the *entire* ROI is in evidence, then surely it may be used by the Defendant to cross-examine the Government witnesses. The Government's efforts to deprive the Defendant of his right of confrontation should not be countenanced.

WHEREFORE, based on the above, Defendant Abraham opposes in part the Government's Motion *In Limine*.

Respectfully submitted this 7th day of August, 2008.

/s/ **Wilmer Parker, Esq.**
WILMER PARKER
ADMITTED PRO HAC VICE
Georgia Bar No. 563550
MALOY JENKINS PARKER
75 Fourteenth Street
Suite 2500
Atlanta, GA 30309
404.875.2700, phone
404.875.8757, fax
parker@mjplawyers.com

**OF COUNSEL:**

JUSTIN A. THORNTON
DC Bar No. 247254
LAW OFFICES OF JUSTIN THORNTON
1615 L Street, N.W., Suite 650
Washington, DC  20036
202.626.8224, phone
202.478.0427, fax
jat@thorntonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 7th day of August 2008, the undersigned electronically filed the foregoing DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* FOR ORDER PRECLUDING PRIOR "GOOD ACTS" EVIDENCE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

AUSA Ellen Chubin Epstein
ellen.chubin@usdoj.gov

AUSA Thomas Zeno
thomas.zeno@usdoj.gov

/s/ Wilmer Parker, Esq.
WILMER PARKER
ADMITTED PRO HAC VICE
Georgia Bar No. 563550
MALOY JENKINS PARKER
75 Fourteenth Street
Suite 2500
Atlanta, GA 30309
404.875.2700, phone
404.875.8757, fax
parker@mjplawyers.com