# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Crim. No. 08-165 (CKK)** |
| **GEORGE A. ABRAHAM,** | : | |
| **Defendant.** | : | |

## DEFENDANT ABRAHAM'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF DEFENDANT'S OTHER CRIMES AND BAD ACTS

Defendant George Abraham, through counsel, and pursuant to this Court's Order of August 8, 2008, files this supplemental response to the "Government's Motion To Introduce Evidence Of Defendant's Other Crimes and Bad Acts." [Doc. 12].

Defendant Abraham fully recognizes and understands the law of the D.C. Circuit regarding Rule 404(b) as described by the Government on pages 1 through 4 of its motion. This Court must undertake a two-part analysis to determine admissibility in the Rule 404(b) context. *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990). The first analysis must be whether the proffered evidence is "probative of some material issue other than character." *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994). In essence, this determination is one of relevance.

The Government proffers documentary evidence as a means to prove that Defendant Abraham allegedly "made false statements in his own application for renewal of his security clearance." Doc. 12, p. 5.[1] The Government claims as to Section 11 that Mr. Abraham "listed his *private investigation business, consulting work* for ManTech, and employment as a police officer in Georgia and Philadelphia." (emphasis added). *Id.* at 6. The Government claims the Defendant by omission "did not list his work for Kroll and SA-TECH as a background investigator." *Id.* at 6.

It just is not clear that the Defendant's answer, as characterized by the Government, is a false answer. Mr. Abraham identified his private investigation business and consulting business all of which operated under the name, A RoGeo Services, Inc. It was this business by which he was employed, not ManTech, Kroll and SA-TECH. In fact, checks issued by Kroll, ManTech and SA-TECH, on information and belief as payment for services rendered by the Defendant for background investigations on OPM matters, were issued to A RoGeo Services, Inc. Section 11 did not ask for the disclosure of all contracts the Defendant had; i.e. contracts with Kroll, SA-TECH and ManTech. Section 11 asked about all "employment" the Defendant had. Defendant Abraham in December, 2007 was employed by his business, which was in fact an independent contractor with Kroll,

---

[1] Defendant Abraham and the Government intend to enter into a proposed stipulation regarding 404(b) material. Ex. A. This stipulation may obviate this matter.

SA-TECH and ManTech. From the current information provided by the Government, as to Section 11, "Your Employment Activities", it is not clear that any false statement by omission was made by the Defendant; and, if so, that any omission was material, much less knowingly and intentionally made.

The same analysis equally applies to Section 12, "Your Employment Record". The alleged answer "no" by Defendant Abraham was not in fact false. The Defendant was not fired from his job, quit his job, or left his job for any reason. His job was with his consulting business. His job was not with Kroll, not with SA-TECH, not with ManTech and not with OPM. The evidence proffered by the Government is not clear, nor compelling that the alleged answer of "no" by Defendant Abraham to Section 12 was false. The evidence does not indicate that in December, 2007 the Defendant had, in fact, been terminated. It may indicate that he was suspended from OPM work and that Kroll was seeking a contract termination, but not that the Defendant and/or his business had been terminated. Absent proof that the proffered evidence in fact constitutes "other crimes or wrongs" this Court should not allow such evidence to be admitted under Rule 404(b). It just is not relevant. The Court does not reach the second question as to whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, as the evidence is not relevant.

3

**608(b)**

Regarding the Government's desire to use its proffered evidence to cross-examine the Defendant should he testify, the Defendant agrees that such evidence may be used to cross-examine him.

Wherefore, based on the above and foregoing, Defendant Abraham requests this Court to deny the Government's motion to introduce the proffered evidence in its case-in-chief under Rule 404(b).

Respectfully submitted this 14th day of August, 2008.

**/s/ Wilmer Parker, Esq.**
WILMER PARKER
ADMITTED PRO HAC VICE
Georgia Bar No. 563550
MALOY JENKINS PARKER
75 Fourteenth Street
Suite 2500
Atlanta, GA  30309
404.875.2700, phone
404.875.8757, fax
parker@mjplawyers.com

**OF COUNSEL:**

JUSTIN A. THORNTON
DC Bar No. 247254
LAW OFFICES OF JUSTIN THORNTON
1615 L Street, N.W., Suite 650
Washington, DC  20036
202.626.8224, phone
202.478.0427, fax
jat@thorntonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 14th day of August 2008, the undersigned electronically filed the foregoing DEFENDANT'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF DEFENDANT'S OTHER CRIMES AND BAD ACTS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**AUSA Ellen Chubin Epstein**
**ellen.chubin@usdoj.gov**

**AUSA Thomas Zeno**
**thomas.zeno@usdoj.gov**

**/s/ Wilmer Parker, Esq.**
WILMER PARKER
ADMITTED PRO HAC VICE
Georgia Bar No. 563550
MALOY JENKINS PARKER
75 Fourteenth Street
Suite 2500
Atlanta, GA 30309
404.875.2700, phone
404.875.8757, fax
parker@mjplawyers.com

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-165 (CKK)** |
| | : | |
| **GEORGE A. ABRAHAM,** | : | |
| **Defendant.** | : | |

### STIPULATION

The United States, and defendant George A. Abraham, after consultation with his

counsel, stipulate and agree that:

The government will not raise in argument or introduce evidence of instances of possible

falsification of interviews or contacts with sources for their records (known as "records checks")

in Reports of Investigation ("ROI's") by defendant, other than those interviews and records

checks mentioned in the Indictment, and, in exchange, defendant will not raise in argument or

introduce evidence of non-falsification of interviews and records checks in defendant's ROI's,

other than those interviews and records checks mentioned in the Indictment.


| | | |
|---|---|---|
| _____ | _____ | _____ |
| Ellen Chubin Epstein | George A. Abraham | Buddy Parker, Esq. |
| Thomas E. Zeno | Defendant | Counsel for George A. |
| Assistant U.S. Attorneys | | Abraham |