**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 08-165 (CKK)** |
| | : | |
| **GEORGE A. ABRAHAM,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT ABRAHAM'S OPPOSITION TO**
**GOVERNMENT'S MOTION IN LIMINE FOR ORDER PRECLUDING**
**PRIOR "GOOD ACTS" EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby files this Reply to Defendant Abraham's Opposition ("def's

opp") to the Government's Motion In Limine for Order Precluding Prior "Good Acts" Evidence

("govt's motion in limine"). In support of this pleading, the government respectfully submits:

Defendant's good work on other interviews and record checks is not relevant.

The indictment charges defendant with falsifying material information on numerous

occasions in his reports of background investigations ("ROI's") while working as a contract

investigator for the United States Office of Personnel Management, Federal Investigative

Services Division ("OPM-FISD").[1] The government wishes to preclude defendant from arguing

or offering evidence of defendant's lawfulness or prior "good acts" unrelated to the specific

charges in this case. As explained more fully in the government's motion in limine:

> [I]n the present case, the issue is whether defendant actually conducted the
> interviews and records check that the Indictment charges him with falsifying. His
> allegedly honest statements about other interviews and records checks, even in the

---

[1]    Defendant was employed by various companies, including Kroll Government
Services ("KGS" or "Kroll"), ManTech International Corporation ("ManTech"), and Systems
Application & Technologies, Inc. ("SA-TECH"), as an investigator under contract to conduct
background investigations on behalf of OPM.

same ROI's as the charged falsifications, have no bearing on the charges in this
case.

Govt's motion in limine, at 5. As the government explained in its earlier pleading, any good
work done by defendant on interviews and record checks, other than the charged falsifications, is
irrelevant. "Evidence that he actually conducted and truthfully reported other interviews and
records checks – even if true – would provide no defense to making false statements about the
interviews and records check charged in the Indictment and, thus, would constitute an irrelevant
area of inquiry." Govt's motion in limine, at 5. As the government showed in its earlier
pleading, the prohibition on demonstrating defendant's innocence through the absence of similar
criminal acts on other occasions is well-established. See United States v. Scarpa, 897 F.2d 63,
70 (2d Cir.), cert. denied, 498 U.S. 816 (1990); United States v. Grimm, 568 F.2d 1136, 1138 (5th
Cir. 1978); Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955), cert. denied, 352 U.S. 844
(1956).

By omitting any argument about it in his brief, defendant appears to concede that the
Federal Rules of Evidence and relevant case law preclude him from presenting evidence of his
prior "good acts" as a police officer, private investigator, and member of the business, security,
and law enforcement communities. Defendant also agrees that the ROI's that do not contain any
charged falsifications are not relevant here.[2] However, defendant contends that he should be

_____

[2]As defendant noted in his supplemental response to the government's 404(b) motion (at
p.2, n.1), the parties intend to enter into the proposed stipulation attached to that pleading as
Exhibit A, which reads:

The government will not raise in argument or introduce evidence of instances of
possible falsification of interviews or contacts with sources for their records
(known as "records checks") in Reports of Investigation ("ROI's") by defendant,
other than those interviews and records checks mentioned in the Indictment, and, in

permitted to offer evidence that the other interviews and record checks in the same ROI's as the charged falsifications were not falsified. Def's opp, at 1. Defendant seeks to argue that the presence of "non-falsified" and "accurately reflected" interviews and record checks in the same ROI as a charged falsification makes it more likely that he did not falsify the interview or record check in question. Def's opp, at 2. Defendant also seems to contend that he should be able to cross-examine the government's witnesses using not only what defendant reported that witness to have said, but also the allegedly "accurate" testimony of other witnesses in the same ROI. Def's opp, at 3, 5. Furthermore, defendant appears to argue that evidence that other parts of an ROI containing a charged falsification were not falsified would somehow affect the materiality of the charged falsification. Def's opp, at 4.

Defendant's arguments all rest on a faulty factual premise: that the uncharged interviews and record checks in the same ROI's as the charged falsifications were all "non-falsified" and "accurately reflected." There is no basis in fact for this assumption, and defendant proffers none. Contrary to defendant's repeated assertions (def's opp, at 2-3), the government has never represented that the uncharged interviews and record checks in the same ROI's as the charged falsifications were all conducted and accurately reported by defendant. In fact, as the chart below demonstrates, OPM-FISD's recovery effort and analysis of these other interviews and record checks revealed numerous instances of possible falsification and inaccurately reported information which needed to be corrected and replaced with new testimony due to significant discrepancies between defendant's reports and those of the recovery agents:

---

exchange, defendant will not raise in argument or introduce evidence of non-falsification of interviews and records checks in defendant's ROI's, other than those interviews and records checks mentioned in the Indictment.

| Count of Indictment | ROI subject | # of charged falsifications | Total # of interviews and record checks reported by defendant in ROI | Total # of defendant's reported interviews and record checks that were replaced |
|---|---|---|---|---|
| 1 | A.P. | 1 | 4 | 2 |
| 2 | M.R. | 1 | 6 | 5 |
| 3 | K.S. | 1 | 9 | 5 |
| 4 | M.I. | 1 | 4 | 3 |
| 5 | J.T. | 2 | 33 | 7 |
| 6 | S.F. | 1 | 7 | 5 |
| 7 | B.B. | 1 | 30 | 18 |
| 9 | K.A. | 1 | 2 | 2 |
| 11 | T.M. | 1 | 22 | 6 |
| 12 | R.M. | 1 | 13 | 7 |

Because defendant lacks any factual basis for his proposed argument, on that basis alone he should be precluded from arguing at trial that the uncharged interviews and record checks in the same ROI's as the charged falsifications were "non-falsified" and "accurately reflected," thus making it more likely that he did not falsify the interviews and record check in question.

Even assuming that defendant intends to take the stand and testify that he conducted and accurately reported all of the other interviews and record checks in the ROI's in question, the government still objects to the admission of such evidence and to any such argument as contrary to the case law cited in the government's motion in limine.  See, e.g., United States v. Qaoud, 777 F.2d 1105, 1111 (6th Cir. 1985) (upholding trial court's exclusion of evidence that defendant had not engaged in kickbacks on a prior occasion when solicited), cert. denied, 475 U.S. 1098

(1986).  In addition, the government hereby serves notice that if defendant is permitted to argue

that the presence of any "non-falsified" and "accurately reflected" interviews and record checks

in the same ROI's as the charged falsifications makes it more likely that he did not falsify the

interviews and record check in question, then, in order to rebut that argument, the government

will seek to introduce evidence of the uncharged, but inaccurately reported and possibly falsified,

interviews and record checks (in the same ROI's as the charged falsifications) that had to be

replaced due to significant discrepancies.  Of course, the Court can prevent a series of wasteful

"mini-trials" on the accuracy of interviews and record checks that are not charged as

falsifications in the Indictment – and avoid the risk of needlessly complicating the case and

confusing the jury – by simply precluding this irrelevant line of inquiry and argument.  See

United States v. Grimm, 568 F.2d 1136, 1138 (5th Cir. 1978) (evidence that used car dealer paid

for some cars instead of stealing them "could have complicated the case and confused the jury").

    As to defendant's other arguments, if the government's interpretation of his argument is

correct, defendant's contention that he should be able to cross-examine the government's

witnesses using not only what defendant reported the witness on the stand to have said, but also

the allegedly "accurate" testimony of other witnesses in the same ROI, makes no sense.  What

other witnesses reportedly said to defendant about the subject of the same investigation is

presumably beyond the knowledge of an individual witness and sheds little, if any, light on

whether or not the witness in question was interviewed by defendant.[3]

---

[3]In fact, to the extent that the uncharged interviews in the same ROI shed any light on this issue, similarities between the contents of the charged falsified interview and other uncharged interviews in the same ROI would tend to show that defendant copied information from other sources whom he did interview and reported it as the testimony of the witness whose interview is in question, thus confirming the falsification.

Finally, if the government's understanding of his argument is correct, defendant appears to argue that evidence that other parts of an ROI containing a charged falsification were not falsified would somehow negate the materiality of the charged falsification. This argument is without merit.

As defendant correctly states, materiality is an element of an offense under 18 U.S.C. § 1001. The Court of Appeals in this Circuit has defined materiality for purposes of 18 U.S.C. § 1001 as follows: "The central object of any materiality inquiry is whether the misrepresentation or concealment was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision." United States v. Cisneros, 169 F.3d 763, 766 (D.C. Cir. 1999) (internal citations omitted). "Proof of actual reliance on the statement is not required; the Government need only make a reasonable showing of its potential effects." United States v. Hansen, 772 F.2d 940 (D.C. Cir. 1985) (internal citations omitted).

Even assuming arguendo that all of the other interviews and record checks in the same ROI's as the charged falsifications were "non-falsified" and "accurately reflected," this has no impact on the materiality of defendant's false statements. In determining whether the subject of a background investigation is suitable for a position having access to classified information, for a position impacting national security, or for receiving or retaining security clearance, the requesting agency relies not only on the substantive information contained in the ROI, but also on the integrity and completeness of OPM's background investigation. The integrity of the investigation is of paramount importance to protecting national security and ensuring an effective federal workforce. Any question concerning the accuracy or truthfulness of any of the testimony in an ROI makes the entire investigation suspect. It does not matter if a source would have

provided favorable information anyway or if a record check would have revealed no record. The fact that testimony was attributed to a source who was not interviewed or the result of a record check was provided when the record was not checked is enough to raise doubts about the entire investigation. Upon discovering such a falsification in an ROI, OPM must recontact all sources in the ROI and remove all falsified entries from the ROI in order to ensure that the ROI is completely accurate. OPM generally replaces any falsified testimony with either new testimony obtained from the source in question or testimony obtained from one or more additional sources. Based on the foregoing, it is clear that even a single falsification is material, as it has "a natural tendency to affect" the official decision on that application. Accordingly, any "non-falsified" and "accurately reflected" interviews or record checks in the same ROI as a charged falsification would have no bearing on the materiality of that falsification and should not be admitted into evidence in contravention of the well-established prohibition on demonstrating innocence through proof of prior "good acts."

Defendant's prior "good acts," including any good work he did on other interviews and record checks that he is not charged with falsifying, are irrelevant "to negate the inference of criminal conduct" in this case. See United States v. Beno, 324 F.2d 582, 589 (2d Cir. 1963), cert. denied, 379 U.S. 880 (1964). There is no proper purpose served by the admission of such evidence, and to permit such argument would risk confusing the jury with extraneous matters and would in effect allow defendant to attempt to demonstrate his good character by proof of specific "good acts" in violation of the Federal Rules of Evidence and settled case law.

Conclusion

For the foregoing reasons, the government respectfully requests that the Court grant the

-7-

government's motion to preclude defendant from eliciting testimony, offering documents into

evidence, or making argument concerning defendant's prior "good acts."

Respectfully submitted,
Jeffrey A. Taylor
United States Attorney


_____/s/_____
Ellen Chubin Epstein, DC Bar 442861
Thomas E. Zeno, DC Bar 348623
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W., 5th Floor
Washington, DC 20530
(202) 514-9832
Ellen.Chubin@usdoj.gov
(202) 514-6957
Thomas.Zeno@usdoj.gov